No. 93. In re Assessment of Taxes, H. F. Wichman & Company, Limited. This is an appeal by the taxpayer from a valuation by a majority of the tax appeal court of $125,000, the minority finding a valuation of $97,297.45. The return was $82,552.22 and the assessment was $125,000. Argued January 10, 1905. Decided January 27, 1905. Robertson & Wilder for the assessor: This concern was assessed as an enterprise for profit. It appears that it dealt in jewelry, optical goods, etc. Its capital stock is $125,000, all paid up. It made a net profit in 1903 of $22,762.27, a little over 18 per cent. A witness for the taxpayer testified that a part of these profits did not belong to the corporation, but could not say how much and refused to furnish the information to the court. Consequently the taxpayer has itself to blame for not furnishing any additional information. But, inasmuch as the witness further testified that "the last half of the year was when all the profits were made," it seems that the profits did all belong to the corporation as its return indicates. The statute provides (C. L., Sec. 820), that there shall be taken into consideration the "net profits." A concern that will earn net almost $23,000 in one year is and must be worth $125,000. All that the taxpayer can show in order to reduce the assessment is its inventory which it figures at cost and then takes off 25 per cent. From the fact that its personal property is not of a perishable nature it would seem that there is not the depreciation that is found in other kinds of personal property. And also from the large amount

·of net profits earned during 1903 it can be seen what the selling prices are in comparison with cost values. The true test is not what the taxpayer's goods would have brought if sold on January 1, 1904, but what could have been obtained if the corporation sold out as a whole on that day. As was said by Chief Justice Frear in 11 Haw. 238, the earning power is one of the most potent factors in determining the value of an enterprise for profit.

Smith & Lewis for the appellant: It appears that prior to July, 1903, the business of H. F. Wichman & Co., Ltd., had been conducted solely by Mr. Wichman under the name of H. F. Wichman & Co. During the month of July, 1903, Mr. Wichman incorporated his business under the corporate name of H. F. Wichman & Co., Ltd., with a capital stock of $125,000, the assets of the corporation being solely the assets of the business formerly conducted by Mr. Wichman under the name of H. F. Wichman & Co. No additional capital was placed in the business. The stock of the corporation is held principally by Mr. Wichman, a few shares being given to some employees in the business at the time of the incorporation. The corporation remained strictly a private one, the stock of which is not upon the market. No share of stock has been sold and none is for sale. The corporation made its return, as did Mr. Wichman in former years, under Schedule E, of personal property, the items composing the assets of the business aggregating $82,-552.22. The assessor raised the assessment to $125,000 upon the basis that the business was one conducted as a business enterprise for profit known as H. F. Wichman & Co., Ltd.

The first point contended for by appellant is that our tax law on the question of enterprises for profit does not apply to corporations such as H. F. Wichman & Co., Ltd., which is simply a private mercantile business with no shares of stock on the market, which shares are held only by the owners of the business and his employees. In *Assessment of the Kash Co., Ltd.,* and *Assessment of the Pacific Hdw. Co., Ltd.,* 15 Haw. 476-8-9, the supreme court held that the value of a merchant's stock of

goods is what such goods, wares and merchandise would bring at a sale for cash, said goods to be sold all on one day either as a whole or in lots or parcels, or in whichever manner would bring the best prices. To tax the taxpayer on the basis of supposed income alone, as is done in this case, is a confounding of the income tax law with the property tax law. The basis of the assessor's assessment is simply a tax based upon supposed profits and not a tax on the property itself. The tax assessor may say that his assessment is right irrespective of his method. We contend that his method is erroneous as it gives us wrong results. Granted, for the sake of argument, that this taxpayer is taxable as an enterprise for profit under the meaning of the statute, then, nevertheless, the situation is not changed for the statute provides that the said property "shall be assessed as a whole on its fair and aggregate value." The testimony of Mr. Wichman is that his whole business could not be sold for more than the amount of the return.

Per curiam: The appellee's case is within the provisions of section 820, C. L., since there are "several classes or kinds of personal property" which "are combined and made the basis of an enterprise for profit," requiring the property to "be assessed as a whole on its fair and reasonable aggregate value." The statute requires that "in estimating the aggregate value there shall be taken into consideration the net profits made by the same, also the gross receipts and actual running expenses." Ib. It is also proper to take into consideration the chances of depreciation in value and that, as in this case, the inventoried value includes book accounts; but not the fact that it includes accumulated profits. As stated in 11 Haw. 258 the earning power may be "one of the most potent factors in determining the value," but other factors above mentioned are properly considered. Apparently the majority of the tax appeal board confined their consideration of value to the item of profits. We think on the whole that the inventoried value, namely, $104,-539.10, would be an appropriate assessment, and it is so ordered. *Smith & Lewis* for appellant. *Robertson & Wilder* for assessor.