# IN RE ASSESSMENT OF TAXES, GAY & ROBINSON.

### Appeal from Tax Appeal Court, Fourth Taxation Division.

### Argued December 11, 1905.    Decided December 11, 1905.

### Frear, C.J., Hartwell and Wilder, JJ.

Assessment—*of land under special conditions.*

> The owners cultivated at a loss certain cane land, the crop from which was milled for 7-16 thereof by a corporation under the terms of a lease of other land made by the owners to the corporation, the owners having the alternative under the terms of the lease of renting the land to the corporation for 1-30 of the product. Held: the land was improperly assessed as cane land free of conditions; and the growing crop was improperly assessed on the basis of a high price of sugar of a particular time instead of a price that could reasonably be expected during a considerable period and without making sufficient deductions for the cost of cutting and milling.

Id.—*enterprise for profit.*

> Combined property, though properly assessed as a whole as the

basis of an enterprise for profit, should be assessed by itself and not in connection with other property, though owned by the same persons, leased to others and assessed separately.

ORAL OPINION.

The property consists of 800 acres of cane land, the crop of cane growing thereon, certain other lands and leaseholds, livestock, buildings, furniture, wagons and implements, at Waimea, Kauai. It was returned by the taxpayers, a partnership, as separate items at values aggregating $281,485, and assessed by the assessor as a whole as the basis of an enterprise for profit at $400,000, which assessment was sustained by the tax appeal court. The taxpayers appealed. Adjoining land owned by the appellants was leased to the Hawaiian Sugar Company, a corporation, at an annual rental of 1-16 of the sugar produced up to 5000 tons, 1-20 of the sugar over 5000 tons and up to 7500, and 1-30 of the sugar in excess of 7500 tons. Under the same lease the appellants' cane raised on the land in question was to be milled by the company for 7-16 of the product, but the appellants could surrender the land to the corporation and receive as rental the percentage of the product specified in the lease. It was contended for the assessor, among other things, that the possible rather than the actual income should be considered as one of the factors going to show the value of the property, and that therefore to the actual income of the entire property now in question there should be added $2500, the amount of the loss for each of the last two years in cultivating the cane land, and $5700, the amount of the rent that might be obtained for the land, the first of which items would disappear and the second of which would appear if the appellants surrendered the cane land to the corporation instead of cultivating it themselves, in which case the total average net income per year for several years from the entire property would be $20,000 or so; also that as the property is assessed as the basis of an enterprise for profit, it should be considered in connection with the other land which is leased to the corporation and assessed at $600,000, and that

therefore the value of both properties should be estimated with reference to the combined incomes from both, at, say, $1,000,000, and then the value of the property in question ascertained by deducting the assessed value of the other from the estimated value of both; also that for the same reason there should be taken into consideration the fact that the lease of the other land would expire in 1939, when the appellants would be entitled to the valuable improvements on that land as well as the land itself.

FREAR, C.J.   The property in question was properly assessed as the basis of an enterprise for profit under the provisions of the statute.   Of course this does not mean that the assessed value should be fixed with reference to the income alone, although if that alone were considered the returned value would be ample. As the court has repeatedly decided, all matters that bear upon the valuation of the property as a whole should be taken into consideration.   In this particular instance, as stated by the assessor himself, the principal items are those of the 800 acres of cane land and the growing crop of cane upon the same.

Apparently the assessor valued the land irrespective of the peculiar conditions to which it was subject, looking upon it as simply so much unusually good cane land; but it cannot be looked upon in that way.   The owners apparently had either one of two alternatives, namely, to cultivate the land themselves or else to surrender it to the Hawaiian Sugar Company under the terms of the lease of other land and receive the rent for it. This puts the land in very much the same position in which it would be if it were tied up under a long lease at a fixed rental, which might be less than its fair market rental.   If the owners should cultivate the land themselves, as they are now doing, it must be borne in mind that they are obliged to pay 7-16 of the product for milling purposes, which, of course, is an extraordinarily high proportion.   If, on the other hand, the owners should surrender the land to the plantation under the lease and receive, under the terms of that lease, only 1-30 of the product, that would be an unusually small proportion; and of course in

that case the entire item of the growing crop would disappear, for then the growing crop would belong to the plantation and not to the appellants.

In regard to the other item, that of the growing crop, apparently the assessor in estimating the value of that has placed the price of sugar at too high a figure, taking that of a date when it was particularly high instead of such as could reasonably be expected during a considerable period, and has not made sufficient deductions for the cost of cutting and milling.

While this property is properly assessable as the basis of an enterprise for profit, its value cannot be estimated by taking into consideration the value of the neighboring property which is under lease to the Hawaiian Sugar Company, or the fact that that lease is to expire in 1939 and that upon its expiration the improvements will revert to the lessors, the appellants; that is a distinct property for the purposes of this appeal. It has been so treated by both the appellants and the assessor.

If we deduct from the assessment made by the assessor the amounts which, in the opinion of the court, should be deducted on the two items referred to, the assessment is brought within the amount returned by the appellants and therefore the decision of the tax appeal court is reversed and the assessment fixed at the amount for which the property was returned by the taxpayers.

*A. Perry* and *D. L. Withington* for taxpayers.

*W. S. Fleming, deputy attorney general,* for assessor.