# IN RE ASSESSMENT OF PROPERTY TAXES MAKEE SUGAR COMPANY.

### APPEAL FROM TAX APPEAL COURT, FOURTH DIVISION.

ARGUED NOVEMBER 16, 1908.      DECIDED JANUARY 28, 1909.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION—*valuation of plantation.*

> The valuation of a sugar plantation made by the tax appeal court is sustained.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal by the Makee Sugar Company from a decision of the tax appeal court of the fourth division fixing an

assessment of the company's property for taxation at $900,000 as of January 1, 1908, the return being $686,180.90 and the assessor's valuation $1,000,000. This taxpayer conducts a sugar plantation, its property consisting of real and personal property of several classes or kinds of each which are combined and made the basis of an enterprise for profit within the meaning of R. L. Sec. 1216. It was therefore properly assessed on the enterprise for profit theory. *In re Wichman,* 16 Haw. 793.

The plantation conducted by the taxpayer is situated on Kauai, is an irrigated one, its average annual crop for the eight years preceding 1908 being 8584 tons, the yield per acre varying from 4.04 tons in 1903 to 3.24 in 1907, the average yearly net profit from 1900 to 1907 having been a little over $117,000. The yield for 1908 was estimated to be about 7500 tons, which would return a net profit for that year of about $170,000. The plantation is a well managed one and run economically without having any agent. The capital stock is $500,000. No sales of shares of stock are reported. About one-half of the available cane land of this company was leased from the government, which leases expired May 1, 1907, and were continued by mutual agreement up to May 1, 1908, during which time negotiations in regard to the continuation of the use of the land on new terms were being carried on by the taxpayer and the government. On January 1, 1908, the date of the assessment, it was uncertain how these negotiations would turn out. The testimony taken before the tax appeal court in August, 1908, showed that the negotiations between the government and the taxpayer had been broken off and the land had been returned to the lessor. It was the opinion of the manager of the plantation that with the reduced amount of land the annual crop hereafter would not exceed 3500 tons, which at the most and under extremely favorable circumstances would not return a net profit of more than $50,000, it being also his opinion, however, that there would be no profit at all. He fur-

ther testified that a plantation that did not pay ten per cent. annually for five years running was not worth buying. The fee simple lands owned by the plantation are a little more valuable for cane than the leased lands of the government. The assessment as agreed to by the company was in 1905 $1,400,000, the reductions since then, according to the assessor, having been partly on acount of these expiring leases from the government. The assessor testified that in his opinion even with the reduced area of land the plantation could be run at a profit. He also testified that he considered an assessment of $1,000,000 to be a fair and reasonable aggregate value. stating that in making up the assessments he took into consideration the gross receipts, actual running expenses, the detailed items of property and all other facts reasonably and fairly bearing upon the valuation.

There were but two witnesses produced, Mr. Fairchild, the taxpayer's manager, and Mr. Farley, the assessor. Each was quite positive in his opinions and beliefs. As stated *In re Taxes Wailuku Sugar Co.*, 18 Haw. 423, "This court has uniformly held that it does not reduce or increase the valuation made by a tax appeal court which appears to be fair and just but allows it to stand unless shown to be erroneous or based on a wrong theory or insufficient or defective data." In that case the court said that a higher valuation by the tax appeal court might properly have been sustained although it did not raise it, and in this case a lower valuation, if so found by the tax appeal court, might and probably would be sustained, yet the amount fixed should not be changed in view of the weight which should be given to the decisions of tax appeal courts.

That the plantation has lost practically one-half of its available cane land should undoubtedly, and we presume will, be taken into consideration in fixing the valuation for 1909. As already stated. these leases expired on May 1, 1907, and yet the taxpayer itself returned a valuation for that year of $1,000,000.

In re Taxes, Makee Sugar Co., 19 Haw. 331.

On January 1, 1908, the uncertainty of securing another lease of the government lands justified a reduction from the assessment. The exact amount of that reduction, however, is difficult to ascertain, being a matter about which possible purchasers and others would differ. Therefore, as the tax appeal court has made a certain reduction on that account, under all the circumstances we do not feel justified in modifying it.

The decision of the tax appeal court is affirmed.

*W. A. Kinney* (*Kinney & Marx* on the brief) for the taxpayer.

*W. L. Whitney, Deputy Attorney General,* for the tax assessor.