# IN RE TAXES HAWI MILL & PLANTATION CO., LTD.

# IN RE TAXES UNION MILL CO.

## Nos. 886 and 885.

APPEALS FROM TAX APPEAL COURT, THIRD CIRCUIT.

SUBMITTED NOVEMBER 10, 1915.          DECIDED NOVEMBER 19, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TAXATION—*enterprise for profit—net profits—depreciation.*
    In ascertaining the net profits of an enterprise for profit under R. L. 1915, Sec. 1241, moneys laid out in necessary improvements, as well as the bare running expenses, are to be deducted, but a

further sum for estimated depreciation of plant is not deductible.
SAME—*factors to be considered.*

The earning power of an enterprise for profit is a potent factor, but not the only factor, to be considered in assessing an enterprise for profit. The value of the separate items of property making up the whole is to be taken into consideration.

OPINION OF THE COURT BY ROBERTSON, C.J.

These are appeals from the tax appeal court of the third judicial circuit making assessments as of January 1, 1915, the appellant in each case being the tax payer.

Hawi Mill & Plantation Co., Ltd. In this case the company returned the aggregate value of its combined property as the basis of an enterprise for profit at $550,000. The assessor assessed it at $1,000,000, and the tax appeal court fixed the valuation at $900,000. The matter of the assessment of this company's plantation was before this court upon its 1912 assessment, and a valuation of $1,100,000 was then given it. *Hawi M. & P. Co. v. Forrest,* 21 Haw. 389. The company holds its lands partly in fee simple and partly under lease. About one-half of its cane area is artificially irrigated. Counsel for the appellant urges that the full cash value of the property was materially less on January 1, 1915, than it was three years previously and argues that the value of the plantation, as shown by the evidence, does not exceed $650,000.

As to the valuation of the separate items of property going to make up the whole, the record shows the estimate made by the deputy assessor, $926,403, as against that of the company, $547,653.97, without any express finding on the point by the tax appeal court. Probably the decision appealed from was based largely upon the data which was submitted on behalf of the company showing its receipts, expenses and profits for seven years, coupled with such testimony as was offered showing changes in conditions since 1912, and the testimony of the assessor show-

ing his endeavor to fix the assessment in the case of this plantation consistently with the method followed with reference to the assessment of sugar producing properties in general. The stock of this company is not quoted in the market. The evidence shows that since the prior decision referred to a government lease of 583 acres has been terminated with a view to homesteading the land; that the rainfall during the years 1912 and 1913 was below the average; that the crops of 1913 and 1914 averaged 6706 tons as against an average for 1909-1911 of 7097 tons; and that the crop for 1912 which, at the time of the prior decision, was estimated at 7211 tons, actually yielded 8237 tons. The present crop is estimated at 6900 tons. It was further made to appear that the figures as to the net profits which were submitted to the court in the last case were erroneous in that they included certain income derived from other sources than the plantation. The opinion on the former appeal shows, however, that the uncertainty of rainfall and its effect upon the crops, and the probability that some of the land held by the company of the government would be withdrawn, were taken into consideration. Indeed, the court then considered all the circumstances, those which made against the future prospects of this plantation as well as those which tended to a favorable outlook. And the reduction of the assessment in that case to $1,100,000, which, upon the capitalization of profits basis, was at the very liberal rate of about 18 per cent., was made upon the ground that the probabilities, so far as they could be judged for the future, were against the very favorable results of previous years. The evidence shows that the profits of this plantation for the seven years last past (1908-1914) have averaged $132,297, which, upon an assessment of $900,000, on the basis of the capitalization of profits, is at the rate of a little less than 15 per cent.—a more normal rate than that allowed

in the prior appeal.   In ascertaining the sum available for
the payment of dividends amounts laid out in necessary
improvements as well as the bare running expenses must
be deducted, but in showing the actual profits a further
sum for estimated depreciation of plant is not deductible
under section 1241 of the Revised Laws.   The further
argument of counsel for the appellant refers to the fact
that since the last appeal was decided legislation has re-
duced the duty on raw sugar and provided for its abolition
on May 1, 1916.   This is a matter which affects the sugar
properties throughout the Territory, but just what result
the admission of sugar duty free will have upon the tax-
able value of sugar plantations can better be determined
after the happening of the event.   *In re Taxes Ewa
Plantation Co.*, 16 Haw. 555, 559.   In the meantime the
rise in the market price of sugar following the outbreak
of the war in Europe returns large profits to these com-
panies.   The market quotation of raw sugar on January 1,
1915, was a trifle over four cents per pound with favorable
prospects for the continuance of profitable prices for some
time to come.

We hold that the assessment as fixed by the tax appeal
court should not be disturbed.   It is affirmed.

Union Mill Company.   In this case the corporation re-
turned the aggregate value of its plantation property as the
basis of an enterprise for profit at $200,000.   The assessor
assessed it at $300,000, and the assessment was sustained
by the tax appeal court.

This plantation adjoins that of the Hawi Mill & Planta-
tion Co. in the district of North Kohala, and is subject to
the same climatic conditions.   Like the other plantation it
is partly irrigated, and obtains its water supply from the
same source, the Kohala ditch. Its cane lands comprise an
area of about 1453 acres owned in fee simple, and 874 acres
held under lease.   It also has about 533 acres of pasture

land owned in fee. Its output for the past six years has averaged 2853 tons of sugar. The estimate for the present year is 3500 tons. Its profits for the past seven years (1908-1914) have averaged $35,343, though it sustained a loss in 1913 and has paid no dividend since 1912. Upon a consideration of the profits alone and capitalized at the same rate as that applied in the case of the Hawi plantation, the assessment at $300,000 could not be sustained. This was conceded by the assessor in his testimony before the court below, but in placing the assessment at that figure he properly took into consideration the valuation placed upon the separate items of property which comprise the whole plantation by the deputy assessor and by the company itself. In assessing an enterprise for profit under section 1241 of the Revised Laws the earning power of the concern "is one of the most potent factors" to be considered. *Tax Assessment Appeals,* 11 Haw. 235, 238. But it is not the only factor to be taken into consideration. *In re Taxes, H. F. Wichman & Co.,* 16 Haw. 793, 795; *In re Taxes, Gay & Robinson,* 17 Haw. 227. The detailed valuation by the company of its separate items of property aggregated $293,535, and a witness testifying for the company increased it by $10,000. The deputy assessor appraised the separate items at the aggregate of $412,000. The tax appeal court made no express finding on the point, though it is evident that this evidence entered into its decision sustaining the assessment. The valuation is sustained by the evidence adduced by the appellant. The value of the whole would not be less than the sum of its parts, unless, what is not shown here, the value of the parts was depreciated by reason of their combination.

We are of the opinion that the decision appealed from should be affirmed, and it is so ordered.

*W. L. Stanley* for the tax payers.

*A. A. Wilder* for the assessor.