## IN RE TAXES WAIOHINU AGRICULTURAL & GRAZING COMPANY, LIMITED.

### No. 969.

APPEAL FROM TAX APPEAL COURT, THIRD CIRCUIT.

SUBMITTED FEBRUARY 20, 1917.          DECIDED MARCH 6, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

PUBLIC LANDS—*general lease.*

A lease of public land for a term of twenty-one years, which is designated upon its face to be a "general lease," and which does not come within the category of any other kind of lease described in R. L., 1915, Chap. 30, relating to public lands, held to be a general lease within the meaning of said chapter notwithstanding it included a provision allowing the lessor to withdraw the land or any portion thereof at any time during the term for homestead, settlement or public purposes.

CONSTITUTIONAL LAW—*taxation—leases of public lands.*

Section 385, R. L. 1915, providing that the value of general leases of public lands, for the purpose of taxation, shall be taken to be the value of the fee of the land demised, as applied to leases made subsequent to the enactment of the statute, held not to deprive the lessee of property without due process of law, or deny him the equal protection of the laws, in violation of the Fifth or Fourteenth Amendments.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal by the taxpayer from a decision of the tax appeal court of the third judicial circuit involving the taxation of a leasehold of government land. The tax appeal court sustained the assessment of the leasehold at the value of $54,879. The appellant admits that the assessment is not excessive if the leasehold is taxable at the value of the fee of the land, its contention being that the lease, if taxable at all, is taxable only at its actual value.

The lease in question (General Lease No. 631) was executed by the commissioner of public lands and the corporation appellant on the 18th day of May, 1908. The term was twenty-one years commencing October 1, 1908; the annual rent reserved was $1001 "over and above all taxes, charges and assessments to be levied or imposed thereon by legislative authority;" the lessee covenanted to pay "all taxes, charges, impositions and assessments, ordinary or extraordinary, which may hereafter, at any time during the continuance of the said term, be laid, imposed, assessed or charged on the said demised premises, or any part thereof;" and there was a provision that the lessor could at any time during the term withdraw the land demised or any portion thereof for homestead, settlement or public purposes, the rent to be reduced in proportion to the value of the land so withdrawn.

Section 1242 of the Revised Laws provides, *inter alia,* that the interest of any tenant or lessee of any land that is exempt from taxation, or the owner of which is exempt from taxation, shall be assessed to such tenant or lessee in respect of the value of his interest therein. But section 385 provides that for the purpose of taxation the value of general leases (of government land) shall be the value of the fee of the real estate demised and the lessees shall be assessed thereon accordingly.

On behalf of the appellant it is contended that the lease is not a "general" lease within the meaning of the statute since a general lease (other than of agricultural land) is one "for any number of years not to exceed twenty-one" (R. L. 1915, Sec. 380) whereas the lease in question is terminable at the option of the lessor. But this lease is designated upon its face as a "general lease," and it does not come within the category of any other kind of lease described in the chapter of the Revised Laws relating to public lands. It was for the term of twenty-one years, and we think it

must be held to be a general lease notwithstanding the provision relating to the withdrawal of the land, or portions thereof, for certain specified purposes at the option of the lessor. The case of *Trammell* v. *Faught,* 74 Tex. 557, cited by the appellant, in which it was held that a lease for a term of years terminable by the lessor in the event that the land should be sold was not a lease "for a term of three years or more" within the meaning of the statute there construed, does not convince us that the appellant's lease is not a general lease within the meaning of our statute. The lease in hand was one for a term of years, and the tenancy was not rendered one at will by reason of the option reserved by the lessor. See 1 Tiffany, Real Prop., Secs. 39, 80; *Brewster* v. *Lanyon Zinc Co.,* 140 Fed. 801, 807.

Counsel for the appellant contend further that in the event that it should be held that the lease in question is a general lease and liable to taxation as provided in section 385 of the Revised Laws, the section is in conflict with the Fifth and Fourteenth Amendments of the Constitution because it authorizes the taxation of the appellant's lease at an arbitrary valuation many times in excess of its actual value, and, in doing so, deprives the appellant of property without due process of law, also that the appellant is deprived of the equal protection of the laws because of the discrimination between leaseholds of public and non-public land, and, as to leases of public land, between those executed prior to 1895 and those executed subsequent to that year. The provision of section 385 was first enacted as section 25 of the Land Act of 1895 of the Republic of Hawaii. It was in force at the time of the execution of the lease in question, and still is in force. Perhaps there would have been merit in the contention of counsel if the statute had been enacted at a date later than that of the lease. See *Boston Molasses Co.* v. *Com.,* 193 Mass 387. But as it is we are unable to see wherein the appellant has been, or is

to be, deprived of property without due process of law, or is deprived of the equal protection of the laws. We need not stop to consider whether, in view of the fact that section 73 of the Organic Act provided that the laws relating to public lands, except as therein changed, should continue in force until Congress shall otherwise provide, the legislature of Hawaii could have repealed or amended the provision of section 385 of the Revised Laws if it had so desired. Neither need it be considered whether, in view of the organic provision, section 385 should be regarded as legislation of Congress as distinguished from legislation of the Territory, nor the further possible question whether the Fourteenth Amendment applies to Territories. It has long been settled that the constitutional provisions referred to do not prevent the classification of property for taxation purposes where there is any reasonable basis therefor. The obvious difference between a leasehold of privately owned land, the value of the fee of which is assessable against the owner, and one of public land, the fee of which is not taxable, affords a tangible and reasonable basis for a classification and a different method of assessment. And we think that the provision that the value of leaseholds of public lands should be taken as that of the fee of the land demised even though it may greatly exceed the actual value of the leasehold interest is not, under the circumstances, open to objection. The legislative power of the Territory, if not restricted, would include the right to prescribe the terms and conditions under which public lands may be leased. Here, as we have seen, the preexisting laws relating to public lands, including, presumably, the provision relating to the taxation of general leases, were expressly continued in force by the Organic Act. We are impelled to presume that the lessee took the lease and covenanted to pay the taxes voluntarily and with knowledge that the statute expressly required that the value of the lease would be assessed for

taxes as of the value of the land. The other alleged discrimination between general leases made prior to the enactment of 1895 and those made since arises merely from the fact that the original enactment was expressly made to operate prospectively. Aside from any question as to the right of the legislature to make the provision applicable to leases theretofore made, we have no doubt as to the propriety and validity of the prospective feature of the enactment which resulted in the classification referred to and the exemption of previously executed general leases, which counsel have called a discrimination.

The decision of the tax appeal court is affirmed.

*Frear, Prosser, Anderson & Marx* for the taxpayer.

*I. M. Stainback,* Attorney General, for the assessor.