## IN RE TAXES WAIAKEA MILL COMPANY.

### No. 1289.

APPEAL FROM TAX APPEAL COURT FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 30, 1920.                    DECIDED OCTOBER 16, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF KEMP, J., ABSENT.

TAXATION—*assessable value of growing crops.*

In determining the value of growing crops of sugar cane for taxation purposes it is proper to take into consideration the prevailing market price of sugar.

SAME—*same.*

But a price arbitrarily fixed by the assessor and not shown to exist cannot properly be used in estimating the value of the crops.

OPINION OF THE COURT BY COKE, C. J.

The appellant, the Waiakea Mill Company, returned its property for taxation purposes as of January 1, 1920, at the value of $773,661.38. Thereafter the tax assessor increased the amount to $1,250,000. The mill company appealed to the tax appeal court of the fourth judicial circuit. Upon a hearing before that tribunal the assessment of the tax assessor was affirmed and the company has appealed to this court.

At the hearing before the tax appeal court counsel for the company and the attorney general agreed that the value of the property of the company, exclusive of growing crops, should be fixed at $645,468.80. Hence the only issue presented by this appeal is respecting the value of the growing crops of 1920 and 1921.

The issues which are twofold are clear-cut and simple

of solution. First it is to be determined whether the estimate of the assessor placing the 1920 crop at 5000 tons, or the testimony of Mr. Forbes, the manager of the company, who placed it at 2044 tons, is to be accepted; and secondly, the value of the crops of 1920 and 1921 is to be ascertained.

There is no dispute respecting the tonnage for the year 1921 which was placed at 3000 tons. The tax assessor bases his estimate of the quantity of the 1920 crop upon what he testified was told him by the manager of the company, his testimony in this behalf being that the manager in January estimated the 1920 crop at 5000 tons. As against this the manager of the company testified that the 1920 crop actually yielded 2044 tons of sugar. His evidence upon this point is positive and there was no attempt to disprove his figures. It seems to us, therefore, that the tax appeal court under the circumstances should have accepted the positive testimony of the manager of the mill company as against a statement, not under oath, which the assessor claims was made to him by the manager of the company at some indefinite date. If the evidence of the manager of the company was erroneous that fact could have been easily shown and in the absence of any such showing the evidence of the manager of the company must be held to be conclusive.

Both parties attempted to determine the value of the growing crops of cane by estimating the price per pound which the sugar output would sell for when finally placed on the market. The price fixed by the manager of the company was 7 28/100 cents per pound and was based upon the market quotation on January 1, 1920, while the assessor fixed the price per pound at 13 cents and estimated the value of the crops for 1920 and 1921 on that basis. The assessor frankly admitted that his estimate of 13 cents per pound was arrived at some time after the 1st of January and was simply a guess. It was based upon nothing more

substantial than the opinion of the assessor that the price of sugar would advance and that there existed a shortage of that commodity throughout the world.

This court has already announced the rule to be that "Under normal conditions when the price of sugar on the first of the year might not be the price at which it would sell throughout the year it would be proper to consider the average price which could be expected over a period of years in estimating the value of the crop for that year." *Re Taxes Onomea Sugar Co.,* 25 Haw. 278, 287. See also *Gay & Robinson* v. *Assessor,* 17 Haw. 227, 230. The method prescribed in the foregoing opinions was not pursued by the assessor in the present case. There was no showing that the average price which could be expected over a period of years was taken into consideration, nor was there any showing whatsoever that sugar was of the value of 13 cents per pound at the time the price was determined upon by the assessor nor at any other date. The only tangible evidence in the record before us respecting the price of sugar is the evidence of the manager of the company fixing the price on the 1st day of January, 1920, at 7 28/100 cents per pound. The appellee produced no evidence tending to fix the price which the company might expect for its sugar during the years 1920 and 1921. The failure to make any such showing left the tax appeal court, as it leaves this court, with no alternative but to accept the market quotation on the 1st day of January, 1920, as the price which the company's future crops could reasonably be expected to bring. The whole case of the Territory falls for lack of evidence to support it.

Of course in assessing a concern, such as the appellant, as an enterprise for profit, its future prospects may properly be taken into consideration in determining the value of the property of the enterprise as a whole. But in the present case, and upon the record now before us, the issues

are confined to a determination of the quantity and value of the two growing crops of sugar cane in existence on the 1st day of January, 1920, one of which would mature in the year 1920 and the other in 1921.

Rules and methods of arriving at the value of an enterprise for profit for taxation purposes have been announced by this court in numerous decisions. Perhaps the outstanding decisions on the subject are *Tax Assessment Appeals*, 11 Haw. 235 and *Re Taxes Onomea Sugar Co., supra*.

Conformably to these opinions and our own views we are compelled to disagree with the decision of the tax appeal court. The testimony shows that it cost $104.62 per ton to harvest, mill and market the 1920 crop. Placing the market value at 7 28/100 cents per pound the market price per ton would be $145.60; thus a profit of $40.98 per ton, or a total profit of $83,763.12 for the 1920 crop is shown. The estimated yield for 1921 is 3000 tons. The value of the 1921 crop on the 1st day of January, 1920, may properly be placed at one-half of the value per ton of the 1920 crop. This method of computation has heretofore had the sanction of this court. The 1921 crop was therefore worth $61,470 on the date of the assessment. The total value of the two crops combined is $145,233.12, which, added to $645,468.18, the value of the other property not in dispute, would result in a total valuation of $790,701.30.

The decision of the tax appeal court is reversed and the taxable value of the property of appellant is fixed at the sum of $790,701.30.

*Robertson, Castle & Olson* for the taxpayer.

*J. Lightfoot*, First Deputy Attorney General, for the assessor.