## IN RE TAXES OAHU SUGAR COMPANY, LIMITED.

### No. 1386.

APPEAL FROM TAX APPEAL COURT FIRST CIRCUIT.

ARGUED JANUARY 25, 1923.          DECIDED JANUARY 30, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE O'BRIEN IN PLACE OF PETERS, C. J., DISQUALIFIED.

TAXATION—*return sustained.*

Upon the undisputed evidence the return of the taxpayer is sustained.

OPINION OF THE COURT BY PERRY, J.

The Oahu Sugar Company in its return as of January 1, 1921, placed the aggregate value of its property as an enterprise for profit at $5,000,000. The assessor assessed the property at $8,500,000. The company appealed to the tax appeal court with reference to all of the valuation in excess of $7,194,611.23. The tax appeal court sustained

the assessment.   From that decision the company appeals to this court.

By stipulation signed by the parties and duly filed it is agreed that the aggregate of the values of the separate items of taxable property belonging to the appellant on the assessment date was $7,194,611.23.   The question before us is whether by reason of the use in combination of the various items of property of the company those items of property have acquired a value in excess of the sum of $7,194,611.23.   As is often the case in such controversies the two methods of valuation resorted to in an effort to show an increased value arising out of unity of use are what are commonly known as the stock sale method and the capitalization of profits.

With reference to the latter method the assessment date in the case at bar is the same as that involved in *Re Taxes Haw. Com. & Sug. Co., ante* p. 708.   So also the general world conditions and other causes affecting the values of sugar plantation property in this Territory on that date were precisely the same in this case as they were in the case of the *Haw. Com. & Sug. Co.* just cited.   The capitalization of profits method is in brief an effort to ascertain the value of an enterprise for profit by a consideration of its profit-producing capacity.   When applying that method of valuation the court proceeds upon the theory and the finding that the record of net profits for a period of time in the recent past is likely to be duplicated for some years in the immediate future; but when it is apparent from the evidence that no reliance can be placed upon the profit-producing record of the past as an indication of what the profit-producing record of the immediate future will be, the capitalization of profits method cannot be used with any fairness or with justice to the parties concerned. In the *Haw. Com. & Sug. Co.* case just cited, this court held that in view of the world conditions of the few years

last preceding January 1, 1921, the assessment date, conditions with which we are all familiar, it would be wholly unsafe and unjust to use the capitalization of profits method in arriving at a valuation of the property of the taxpayer. The same finding and ruling apply with equal force, upon the same facts and circumstances, in the case at bar. So also, as in that case, it is true in this case that no evidence was adduced tending to show the rate of profits which the investing public, under the unusual and uncertain conditions then prevailing, expected on or about the assessment date when making investments in the stock of the Oahu Sugar Company or in the stock of similar corporations; and therefore for this additional reason this method of valuation cannot safely be resorted to in the case at bar.

In applying the stock sale method of computation of the value of the property of the taxpayer the only points upon which the parties differ are these: first, whether the average selling-price of the stock sold during the whole of the year 1920 should be considered and second, whether the sum of $3,132,541 received by the Oahu Sugar Company late in 1920 from the Hawaiian sugar planters' association by way of compensation for its strike losses suffered during the year 1920 should be added to the result otherwise reached. As to the first point, the average of the selling-price throughout the year preceding the assessment date should not, for the reasons stated in the *Haw. Com. & Sug. Co.* case, *supra,* be considered. As to the second point the assessor's argument is that if intending purchasers during the year 1920 had known that this sum of $3,132,541 was to be paid to the corporation the purchase price for the stock would have risen correspondingly, although to what precise or even approximate extent is not stated by counsel, and that, presumably, the property of the corporation was on the assessment date actually

larger by that amount than it would be shown to be by the ordinary application of the stock sale method. Whether viewed as a matter of mathematics, logic or business experience we are unable to see that any such result would follow from the receipt of the money in question. Moreover, the stipulations of the parties on file in this cause show that on the assessment date the stock was selling at $34.125 per share, while the average price, as claimed by counsel for the taxpayer, for the year was $43.75 per share and the highest price in December, 1920, was $36.75. In other words, the purchasing public, *after* acquiring knowledge of this large payment to the plantation as a refund for its strike losses, decided that it could not pay more than $34.125 per share for the stock and that that was all that it was worth. The argument of what might have occurred or should have occurred after the payment of this sum to the corporation is clearly answered by what the evidence shows did occur on the assessment date. Disregarding the average price of the stock during 1920 and this sum of $3,132,541, the application of the stock sale method would show a valuation far below that arrived at by considering the aggregate of the values of the separate items of the tangible property of the corporation.

We find no support in the evidence for an assessment higher than that contended for by the taxpayer.

The judgment appealed from is reversed and the value of the property of the taxpayer is fixed at $7,194,611.23.

*I. M. Stainback (H. Holmes* with him on the brief) for the taxpayer.

*J. B. Lightfoot* for the assessor.