## IN THE MATTER OF THE TAX APPEAL OF HAWI MILL & PLANTATION COMPANY, LIMITED.

### No. 1467.

APPEAL FROM TAX APPEAL COURT THIRD CIRCUIT.

SUBMITTED OCTOBER 3, 1923.                DECIDED NOVEMBER 14, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

TAXATION—*real and personal property—assessment of enterprise for profit.*

Where the real and personal property of a corporation are combined and made the basis of an enterprise for profit, but it does not appear that as so combined their value is in excess of the aggregate value of the several parts thereof nor that the value of the several parts is depreciated by reason of their combination, such property must be assessed separately as to each item thereof for its cash value.

OPINION OF THE COURT BY PETERS, C. J.

The Hawi Mill & Plantation Company returned all real and personal property belonging to it and of which

it had possession or control on January 1, 1922, including all animals subject to taxation in its possession on that day, as combined and made the basis of an enterprise for profit, at $600,000. The tax assessor assessed the company's property at $1,100,000.

The taxpayer appealed from the assessment to the tax appeal court of the third judicial circuit. The tax appeal court fixed the valuation of the taxpayer at $985,000. The taxpayer appealed therefrom to this court.

It is undisputed that the taxpayer is an enterprise for profit. Evidence was submitted of the average annual net profits of the company for eight years next preceding the taxation period. This was no criterion, however, due to the unprecedented conditions obtaining during that period. (*Re Taxes H. C. & S. Co.*, 26 Haw. 708; *Re Taxes Oahu S. Co.*, 26 Haw. 780.) No evidence of any sales of stock of the company was produced, due as we understand it to the fact that the company is a close corporation, its stockholders few and its stock not quoted on the market. No facts and considerations which might reasonably and fairly bear upon the valuation of the company's property were produced which would tend to show that the combined property of the taxpayer was of greater value than the aggregate of its several parts. On the other hand it does not appear that the value of the several parts was depreciated by reason of their combination. (*Re Taxes Waiakea Mill Co.*, 24 Haw. 333; *Re Taxes Hawi M. & P. Co.*, 23 Haw. 46.) Under the circumstances the property of the company must be separately assessed for its cash value. (R. L. 1915, Sec. 1241 as amended.)

The taxpayer in its return valued its property separately at $562,142.22. The tax assessor testified that separately assessed its aggregate cash value was $979,894.80.

The only items, the value of which was in dispute

between the taxpayer and the tax assessor, were the company's fee simple lands, certain lands leased by it from the Territory, growing crops and capital stock in foreign corporations.

First as to the valuation of the company's fee simple lands. The tax assessor testified that the fee simple cane lands owned by the taxpayer were worth $150 an acre and pasture lands owned by the taxpayer were worth $10 per acre. The taxpayer produced two witnesses who testified that the company's fee simple cane lands should not be assessed separately; that cane land was seldom if at all dealt in separately; that usually included in lands denominated as cane lands was a certain proportion unsuitable for cane and suitable only for pasturage or of no use whatever, and that so dealt in the prevailing price was from $80 to $85 per acre throughout. No reason was given by the tax assessor for his valuations other than that this court had placed a valuation of $200 an acre upon cane lands of the Onomea Sugar Company. No similarity between the cane lands of the taxpayer and those of the Onomea Sugar Company was shown and under the circumstances we are compelled to adopt the evidence of the taxpayer and place the valuation of its fee simple lands at $85 per acre throughout, including in the category of cane lands such as may be pasture or waste land.

As to the value of lands leased from the Territory. Lands held by the taxpayer under lease from the Territory must by reason of the provisions of section 385, R. L. 1915, be taxed the same amount as the value of the fee. See *Re Taxes Waiohinu Agr. Co.*, 23 Haw. 621; *Re Taxes Hawi M. & P. Co.*, 26 Haw. 46.

Next as to the value of growing crops. The only evidence submitted to the tax appeal court was that of the tax assessor which the tax appeal court adopted. Under

the circumstances its finding in that regard must be sustained.

Finally as to the value of stock in foreign corporations. Stock held by the taxpayer in the California-Hawaiian Refinery, a foreign corporation, was returned for taxation but its value was not separately stated. The tax assessor assessed it for its full par value. The company took exception to this assessment upon the ground that the stock had not been paid for by it. No evidence of the actual value of this stock was submitted by either the taxpayer or the tax assessor. Under the circumstances the finding of the tax appeal court cannot be disturbed.

We find the cash value of the real and personal property of the taxpayer including animals subject to taxation, separately assessed, to be in round numbers $942,000. A decree conformable to the foregoing opinion will be signed upon presentation.

*C. F. Clemons* and *A. Lewis, Jr.,* for the taxpayer.

*H. R. Hewitt,* First Deputy Attorney General, for the assessor.

CONCURRING OPINION OF PERRY, J.

I concur in the view that the property of the taxpayer should be assessed at $942,000, basing my concurrence upon the ground that the testimony of the witnesses for the taxpayer to the effect that the value of its cane lands and pasture lands on an average is $85 per acre is of greater weight than the testimony of the assessor to the effect that the value of the cane lands is $150 per acre and that of the pasture lands $10 per acre; but I do not concur in the inclusion in the opinion of the statement that "it does not appear that the value of the several parts was depreciated by reason of their combination." That statement is upon an immaterial point and is misleading. In the majority opinion it is held, and I concur, that upon the facts of this case the property of the taxpayer

cannot be assessed as an enterprise for profit and that the various items of property owned by the taxpayer must be assessed at the aggregate of their values as separate parts. By this I mean that if it appears from the evidence, as it does, that the various items of property owned by the taxpayer. could have been sold separately for certain stated amounts at the assessment date, those selling prices constitute the cash value of those items of property upon that date. It would be immaterial, to my mind, if it should be made to appear that by reason of their combination in use by this taxpayer they were worth as a profit-producing aggregate or enterprise less than the total of the separate values of the parts. If, as this court now unanimously finds, the separate items of property owned by this taxpayer if sold on the assessment date would have brought proceeds aggregating $942,000, under the law the assessment must be made at the sum of $942,000 even though it were made to appear to us that on the assessment date, used in combination as the property was used by this taxpayer, it was worth on the showing of its income-producing capacity less than that sum. The statement above quoted from the majority opinion is indeed true in fact but its inclusion as one of the grounds for the ultimate conclusion reached is misleading in giving the impression that it is legally possible for the property of a corporation to be worth less, for taxation purposes, than the aggregate of the cash values (using that term as hereinabove defined) of its separate parts,— something which, to my mind, is legally impossible.