145 P.3d 774

**Eugene W.I. LAU, Successor Trustee of the Eugene Kai Fai Lau Living Trust, Plaintiff–Appellee,**

v.

**Dominador M. LOPEZ, Defendant– Appellant,**

and

**Fred M. Lopez, John Does 1–20, Jane Does 1–20, Doe Partnerships 1–20, Doe Corporations 1–20, Doe Entities 1–20, and Doe Governmental Units 1–20, Defendants,**

and

**Dominador M. Lopez, Third– Party Plaintiff,**

v.

**Fred M. & Dolores T. Lopez, Prudential Location & Doug Martin, Attorney Alex M. Sonson, Attorney Edward J.S.F. Smith, and Government Entities 1–10, Third–Party Defendants,**

and

**Marcelo M. Lopez, Jr., Third–Party Defendant–Appellant.**

No. 24000.

Intermediate Court of Appeals of Hawai'i.

July 21, 2006.

Eugene W.I. Lau, Honolulu, on the request, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

PER CURIAM.

Defendant–Appellant Dominador M. Lopez appealed from the February 2, 2001 Judgment granting the request by Plaintiff–Appellee Eugene W.I. Lau, Successor Trustee of the Eugene Kai Fai Lau Living Trust, for summary judgment. In a Summary Disposition Order entered on March 14, 2006, this court affirmed the February 2, 2001 Judgment.

Eugene W.I. Lau (Lau) had three relevant capacities: First, Lau was an individual person. Second, Lau was Plaintiff–Appellee Eugene W.I. Lau, Successor Trustee of the Eugene Kai Fai Lau Living Trust (Trustee Lau). Third, Lau was the attorney for Trustee Lau. Lau acted only in his second and third capacities.

On May 17, 2006, Lau filed a request "for attorney's fees pursuant to HRAP [Hawai'i Rules of Appellate Procedure] [Rule] 39 and HRS [Hawaii Revised Statutes] § 607–14[.]"

The amount of attorney fees requested is $5,100.

In *Kay v. Ehrler & Kentucky Board of Decisions,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), the claim was based on 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976. The United States Supreme Court barred recovery of attorney fees by attorney-pro se individuals because of the underlying reasons for the statute. The Supreme Court held that "the overriding statutory concern is the interest of obtaining independent counsel[.]" *Id.* at 437, 111 S.Ct. 1435. The court stated in part:

> In the end, we agree with the Court of Appeals that the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations. We do not, however, rely primarily on the desirability of filtering out meritless claims. Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims. Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that a "lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators. A rule that authorizes awards of counsel fees to *pro se* litigants-even if limited to those who are members of the bar-would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.* at 437–438, 111 S.Ct. 1435. (Footnote deleted.)

In *Trope v. Katz,* 11 Cal.4th 274, 45 Cal. Rptr.2d 241, 902 P.2d 259 (1995), the California Supreme Court held that an attorney who chooses to litigate *pro se*

> cannot recover [reasonable attorney] fees under [California Civil Code] section 1717. . . . Were we to construe the statute otherwise, we would in effect create two separate classes of pro se litigants—those who are attorneys and those who are not—and grant different rights and remedies to each. We find no support for such disparate treatment either in the language of section 1717, in the legislative policy underlying it, or in fairness and logic."

*Id.* at 262.

In his request, Lau cites *Middleditch v. Kawananakoa,* 16 Haw. 803 (1905). It states as follows:

> Attorney's fees in actions of assumpsit when the plaintiff, being an attorney at law, conducts his own case. The statute allowing attorney's fees in actions of assumpsit applies in cases in which an attorney at law is a party and conducts his own case. The plaintiff recovered judgment in an action of assumpsit in the sum of $616.25 with interest and costs of court. The plaintiff, being an attorney at law, appeared in person. The plaintiff's exceptions present the question whether the plaintiff appearing in person and acting on his own behalf as plaintiff in this action is entitled to attorney's fees as provided by sections 1889 and 1892 of the Revised Laws upon the judgment rendered in his favor, the trial court having granted the defendant's motion to vacate the order taxing plaintiff's costs of $59.35. Per curiam: The fact that the attorney in this case is the plaintiff does not deprive him of the statutory right to attorney's fees. The exception is sustained and the order excepted to is set aside.

*Middleditch* is printed in volume 16 of the Hawai'i reports in a section entitled "Decisions Announced without Opinions During the Period Covered by this Volume." In opinions subsequently published by it, the Hawai'i Supreme Court cited a decision

printed in this section of volume 16 of the Hawai'i reports. *See, In Re Maui Agricultural Co.,* 34 Haw. 566 (1938); *In Re Taxes Hawi Mill & Plantation Co., Ltd.,* 23 Haw. 46, 1915 WL 1448 (1915); *In Re Assessment of Property Taxes Makee Sugar Company,* 19 Haw. 331 (1909). However, HRAP Rule 35 (2006) states in part as follows:

Dispositions. (a) Classes of Dispositions. Dispositions may be rendered by a designated judge or justice and may take the form of published, per curiam, or memorandum opinions or dispositional orders.

(b) Publication. Memorandum opinions shall not be published. Dispositional orders shall not be published except upon the order of the appellate court.

(c) Citation. A memorandum opinion or unpublished dispositional order shall not be cited in any other action or proceeding except when the opinion or unpublished dispositional order establishes the law of the pending case, res judicata or collateral estoppel, or in a criminal action or proceeding involving the same respondent.

Does HRAP Rule 35(c) permit Lau to cite *Middleditch* as precedent? For purposes of this opinion, we will assume that *Middleditch* is binding precedent that "[t]he statute allowing attorney's fees in actions of assumpsit applies in cases in which an attorney at law is a party and conducts his own case." Is that precedent applicable in Lau's case? The answer is no. As an individual, Lau was not involved in this appeal. He did not conduct "his own case." Lau was involved in this case as Trustee Lau and as the attorney for Trustee Lau. May the court award attorney fees to an attorney for representing a trustee when the same person is both the attorney and the trustee? For the following two reasons, the answer is no. First, there is the problem of a double recovery (of trustee fees and attorney fees). Second, there is the problem presented by the following part of the Hawai'i Rules of Professional Conduct (2006):

**Rule 1.7  Conflict of Interest: General Rule.**

. . . .

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Accordingly, we deny the May 17, 2006 request by Eugene W.I. Lau "for attorney's fees pursuant to HRAP [Rule] 39 and HRS § 607-14[.]"